Wanamaker's Estate.

*Robert M. Boyle,* for Hon. William F. Campbell, Register of Wills of Philadelphia County, exceptant.

*Harry J. Alker, Jr.,* for Hon. Robert C. Miller, Register of Wills of Montgomery County, contra.

*Owen J. Roberts* and *Maurice Bower Saul,* for executors, contra.

*F. B. Bracken,* for Fidelity-Philadelphia Trust Co., residuary legatee, contra.

THOMPSON, J., Dec. 7, 1928.—Rodman Wanamaker died March 9, 1928, and the question before us involves the finding of what was his "family or principal residence" as determining the proper place for the probate of his will and codicils and granting letters testamentary thereon.

The will and codicils were probated in Philadelphia County and letters granted thereon, and the Register of Wills of Montgomery County and the Fidelity-Philadelphia Trust Company, trustee under certain trusts in decedent's will, have taken an appeal from the action of the Register of Wills of Philadelphia County as aforesaid, alleging that the family or principal residence of the decedent was in Montgomery County.

The pertinent parts of section 4 of the Register of Wills Act of 1917 are as follows: "Wills shall be probated only before the register of wills of the county within which was the family or principal residence of the decedent at the time of his decease. . . ."

And the pertinent parts of section 2, subdivision *(a)* of the Fiduciaries Act of 1917 are as follows: "Letters testamentary and of administration shall be granted only by the register of wills of the county within which was the family or principal residence of the decedent at the time of his decease. . . ."

Said appeals come before us on exceptions to the findings of the Hearing Judge, who held that the "principal residence" of the decedent was in Montgomery County, and sustained the appeal of the Register of Wills of Montgomery County, and at the same time dismissed the appeal of the Fidelity-Philadelphia Trust Company, trustee as aforesaid, on the ground that they were not a party aggrieved under section 21 *(a)* of the Register of Wills Act of June 7, 1917, P. L. 403.

We have read the testimony taken before the Hearing Judge with care and agree with him that the facts are not in the main controverted. There is no evidence that the decedent had a residence in Philadelphia, much less its location, although there is evidence that the decedent intended to acquire a residence in Philadelphia, and that one was purchased for him, but title thereto never passed, nor did decedent ever occupy the same.

Findings of fact by a hearing judge will not be disturbed except for manifest error, which we all agree does not exist in this case.

We do not consider it necessary to discuss the exceptions filed by the Fidelity-Philadelphia Trust Company, as aforesand, to the action of the Hearing Judge, for the reason that, as the appeal of the Register of Wills of Montgomery County is sustained, that which the Fidelity-Philadelphia Trust Company, trustee as aforesaid, seeks to accomplish has been accomplished, whether they have a standing or not to take an appeal.

The exceptions are, therefore, dismissed, and we enter the following

### Decree.

And now, Dec. 7, 1928, the appeal of the Register of Wills of Montgomery County be and is hereby sustained, the probate of the said will and codicils be and is hereby vacated, the letters testamentary be and are hereby revoked, and the Register of Wills of Philadelphia County is hereby directed to deliver the said original will and codicils to the Register of Wills of Montgomery County.